UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC BERRY,

      Petitioner,

                              Case No. 1:08-cv-912
v.                            Hon. Gordon J. Quist

MARY BERGHUIS,

      Respondent.
      _____/

## REPORT AND RECOMMENDATION

On April 24, 2006, Petitioner Berry filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See Berry v. Berghuis*, No. 5:06-cv-65 (W.D. Mich.) ("*Berry I*"). The petition filed in *Berry I* was dismissed to allow Berry an opportunity to exhaust claims in the state court. Berry re-filed his petition on July 11, 2008, resulting in the present habeas action. This matter is now before the court on respondent's motion to dismiss (docket no. 20).[1]

      **I.**      **Discussion**

Respondent contends that petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] Respondent's motion bears the caption "*Marc Berry v. Douglas Vasbinder.*"

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the applicable one-year period of limitation, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In July 2003, petitioner pled no contest to one charge of possession with intent to deliver over 650 grams of cocaine, M.C.L. § 333.7401(2)(A)(1) and one charge of felony-forearm, M.C.L. § 750.227B-A. *See Berry I* (Opinion, May 23, 2006) (docket no. 5). He was sentenced on July 21, 2003. *Id.* Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals on July 20, 2004, which that court denied on October 1, 2004. *Id.* On October 13, 2004, petitioner filed an application for leave to appeal to the Michigan Supreme Court on May 31, 2005. *Id.*

Petitioner filed his first petition (*Berry I*) on April 24, 2006. *Id.* At that time, the court calculated that, after counting the 90-day period in which he could have sought review in the United States Supreme Court, petitioner's one-year statute of limitation commenced on August 28, 2005, and would expire on August 28, 2006. *Id.* When the court dismissed *Berry I* on May 23, 2006, he had "approximately ninety days" left on his one-year statute of limitations. *Id.* at p. 3. By the court's present calculation, petitioner had 97 days remaining on the statute of limitations at that time, having used 268 of the 365 days.[2] Respondent observes that petitioner filed a motion for relief from judgment in the state court under MCR 6.500 *et seq*. on May 16, 2006 (one week before the dismissal of *Berry I*), and that this tolled the statute of limitations until June 23, 2008, when the Michigan Supreme Court denied the application for leave to appeal the proceedings. *See* Respondent's motion at p. 4. Respondent contends that the present petition was untimely, because it was not filed until 182 days later on December 22, 2008. *Id.*

The court disagrees. Respondent's contention would be correct if petitioner had filed this action on December 22, 2008. However, that is not the case. The record reflects that Berry initially filed his petition in this court on April 24, 2006, and it was dismissed to allow petitioner an opportunity to exhaust his claims in the state courts. He subsequently re-filed this action in the Eastern District of Michigan on July 11, 2008, 18 days after the Michigan Supreme Court denied his application for leave to appeal. *See* Supplemental Petition (docket no. 1). This re-filed action was then transferred to the Western District on September 25, 2008. *See* Opinion and Order (docket no. 6). On December 3, 2008, the court ordered petitioner to submit an amended petition on a form

---

[2] The court notes that when Berry filed the original petition, he had 126 days remaining on the one-year statute of limitations.

provided by the court. *See* Order (docket no. 12). Petitioner filed this amended petition on December 29, 2008. *See* Amended Petition (docket no. 13). It appears that respondent has viewed the amended petition (dated December 22, 2008 and filed December 29, 2008), as the basis for concluding that this action is untimely. Based on this record, the petition was timely filed, well within the one-year time limitation set forth in 28 U.S.C. § 2244(d)(1). Accordingly, respondent's motion to dismiss (docket no. 20) should be denied.

## II. Recommendation

I respectfully recommend that respondent's motion to dismiss (docket no. 20) be **DENIED** and that respondent be directed to file an answer to the habeas petition within sixty (60) days.[3]

Dated: January 13, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[3] The court notes that respondent has already filed the Rule 5 materials. *See* docket nos. 21-35.