UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARC BERRY,

        Petitioner,

v.                                                       Case No. 1:08-CV-912

MARY BERGHUIS,                         HON. GORDON J. QUIST

        Respondent.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE
RECOMMENDATION OF DISMISSAL WITH PREJUDICE**

Petitioner, Marc Berry, has filed Objections to the Report and Recommendation ("R & R") dated August 19, 2011, in which Magistrate Judge Brenneman recommended that Petitioner's habeas petition be denied. Upon *de novo* review of the R & R, Petitioner's objections, and the pertinent portions of the record, the Court will adopt the R & R only in part, but ultimately deny the petition.

Petitioner's amended habeas petition raises the following four claims:

I.     The continuous search of [petitioner's] home after [he] was taken to the hospital with a gun shot wound.

II.    The taking of [petitioner's] statement after a few hours of surgery and while on morphine drip.

III.   Ineffectiveness of trial counsel.

IV.   Ineffectiveness of appellate counsel.

(Dkt. #13).

The Magistrate Judge considered each of these grounds and concluded that claims I, II, and IV lacked merit. The Magistrate Judge also found that claim III is procedurally barred and not subject to habeas review.

### A.    Ineffective Assistance of Counsel (Claim III)

Beginning with claim III, the R & R found that Petitioner's ineffective assistance of trial counsel claim is subject to procedural default due to the fact that both the Michigan Court of Appeals and Michigan Supreme Court denied relief by referring to Michigan Court Rule ("MCR") 6.508(D).  Petitioner objects and argues that the latest articulation by the Sixth Circuit is that a Michigan appellate court cannot invoke a procedural default by simply citing MCR 6.508(D). (Dkt. #47 at 5 (citing *Guilmette v. Howes*, 624 F.3d 286, 289 (6th Cir. 2010)).  Therefore, Petitioner asserts, his ineffective assistance of counsel claim should be addressed on the merits.  In this regard, Petitioner is correct.

Brief orders citing MCR 6.508(D) are not explained orders invoking a procedural bar. *Guilmette*, 624 F.3d at 289.  In Petitioner's application for leave to appeal, both the Michigan Court of Appeals and Michigan Supreme Court issued standard-form orders citing MCR 6.508(D) in denying Petitioner's claim.  *People v. Marc Anthony Berry*, No. 279663 (Mich. App.) (Dkt. #1 at 36); *People v. Marc Anthony Berry,* No. 135534 (Mich. June 23, 2008) (Dkt. #1 at 38.)

Because the form orders citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or denial on the merits, the court must "look to the last reasoned state court opinion to determine the basis for the state court's rejection of [Petitioner's] claim." *Guilmette*, 624 F.3d at 291 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).  Here, the last reasoned state court opinion, that of the Wayne County Circuit Court, rejected Petitioner's claim by denying it on the merits. *People v. Marc Anthony Berry*, No. 03-003180-01 (Opinion and Order denying motion for relief from judgment) (Wayne Cir. Ct. Aug. 8, 2006) (Dkt. #1 at 34.)  Even though the state trial court noted MCR 6.508(D), the judge cited the applicable case law relevant to an ineffective assistance of counsel claim and dismissed Petitioner's claim by analogizing the law to the facts at

hand. (Dkt. #1 at 32-34.) Thus, the state court rejected Petitioner's claim on the merits and not by invoking procedural default.

Therefore, even though Petitioner's ineffective assistance of trial counsel claim is not procedurally barred, the claim fails on the merits.

There is a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) the defendant must show that counsel's performance was deficient and (2) the defendant must show that counsel's deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466, U.S. 668, 687, 104 S.Ct 2052, 2064 (1984). In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690, 104 S. Ct. at 2066. "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Further, under *Strickland*, the reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. *Strickland*, 466 U.S. at 689-90, 104 S. Ct. At 2065-66.

Here, Petitioner claims trial counsel failed to: sufficiently investigate his case; adequately litigate his Fourth Amendment claim; consult with and interview available witnesses; obtain or utilize critical impeachment material; and, insure that petitioner's Fourteenth Amendment right to due process and right to a fair trial were adequately protected.

Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to the nature of the advice and the voluntariness of the plea, not the existence of an

antecedent constitutional infirmity. *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S. Ct. 1602, 1607-08 (1973). Petitioner contends, however, that his ineffective assistance of counsel claim falls within this limited scope of review. Petitioner asserts that because trial counsel a) failed to sufficiently investigate his case and b) failed to obtain or utilize critical impeachment material, counsel could not effectively render advice as to whether to accept the plea. (Dkt. #47 at 7.) Petitioner also asserted these claims in his state trial court post-conviction proceeding.

Petitioner's claim fails because the state trial court applied the correct law and, given the deferential standard of review in *Strickland* for an ineffective assistance of counsel claim, the Court does not find it to be an unreasonable application of the law. *See People v. Marc Anthony Berry*, No. 03-003180-01 (Opinion and Order denying motion for relief from judgment) (Wayne Cir. Ct. Aug. 8, 2006) (Dkt. #1 at 33.) In this Court's opinion, trial counsel's strategic moves exhibited diligent representation of Petitioner. Counsel advised petitioner of a plea, knowing the very likely harsh consequences of a trial, while at the same time having the strategic mind to preserve contentious issues for appeal that could exonerate Petitioner altogether. Moreover, the Court does not find it an unreasonable application of the law by the trial court to say that Petitioner's vague assertions do not show that trial counsel's performance affected the outcome of the plea process, or that but for the alleged errors, he would not have pled guilty and would have insisted on going to trial. Petitioner's claim of ineffective assistance of counsel is rejected.

> **B.** **The continuous search of Petitioner's home after he was taken to the hospital with a gun shot wound (Claim I).**

The R & R rejected claim I on the basis of *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976), which held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was

4

introduced at his trial." Petitioner objects to the R & R by arguing his proceeding was not "full and fair" because "the trial court refused to follow state and federal case law." (Dkt. #47 at 8.)

In *Machacek v. Hofbauer*, 213 F.3d 947 (6th Cir. 2000), the Sixth Circuit applied a two-step process for determining whether a Fourth Amendment claim is reviewable in a habeas action:

> In *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982), we set forth two distinct inquiries a court must perform when determining whether a petitioner may raise a [Fourth Amendment] claim . . . in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id*. at 526.

*Id.* at 952.

First, Petitioner has not shown that Michigan's "procedural mechanism, in the abstract," did not present the opportunity to raise a Fourth Amendment claim. Second, Petitioner has not established that presentation of his claim was in fact frustrated in his case. Petitioner had the opportunity to and did in fact raise a Fourth Amendment claim to the Michigan courts. The Michigan courts considered the claim, but rejected it. Therefore, the Court rejects Petitioner's objection.

> **C.    The taking of petitioner's statement after a few hours of surgery and while on morphine drip (Claim II)**

With regard to claim II, Petitioner objects to the R & R by arguing that the trial court: ignored his continuous morphine drip, the short period of time from surgery to interrogation, and the treating physician's testimony that Petitioner was in unbearable pain; improperly took into account Petitioner's actions when he gave other information about his family; failed to acknowledge that a person under as much morphine as Petitioner cannot have the capacity to understand, comprehend, and waive complicated legal rights; and, incorrectly applied precedent. (Dkt. #47 at 9-10.)

Even though Petitioner objects on each of these grounds, the R & R already addresses each one of them. (R & R at 14-19.) Petitioner offers nothing new that suggests the Magistrate Judge's conclusions are erroneous. The Court concurs with those conclusions and finds no reason to reject the R & R as to claim II.

     **D.**     **Ineffective Assistance of Appellate Counsel (Claim IV)**

With regard to claim IV, Petitioner objects because appellate counsel could have raised an ineffective assistance of trial counsel claim, based upon trial counsel's ineffectiveness pertaining to factors that would logically influence Petitioner's decision to accept the plea. (Dkt. #47 at 7-8.) The Court rejects Petitioner's claim because it reiterates his claim made to the magistrate - Petitioner argued appellate counsel was "cause" for not raising an ineffective assistance of trial counsel claim. Furthermore, the Court finds the R & R's analysis of this issue legally sound and supported by the record. (R & R at p. 7, ¶ 2 - p. 12.)

Accordingly, all of Petitioner's claims are rejected.

     **E.**     **No Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 19, 2011 (Dkt. #46) is **ADOPTED IN PART**. It is adopted except to the extent it finds Petitioner's claims of ineffective assistance of appellate counsel procedurally defaulted.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.


Dated:  September 23, 2011                                    /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE